DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue - Suite 190
Rye, New York 10580
(914) 921-1200
*Attorneys for Plaintiff*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
NIPPONKOA INSURANCE COMPANY, LTD.,
               *Plaintiff,*

    - against -

MET INTERNATIONAL, INC., and
KLS TRUCKING SERVICES INC.
               *Defendants.*

------------------------------------x

07 Civ.

**07 CIV. 9736**

COMPLAINT

**JUDGE CHIN**

      Plaintiff NipponKoa Insurance Company, Ltd., by its undersigned attorneys, for its Complaint, alleges on information and belief as follows:

## GENERAL APPLICATIONS APPLICABLE TO ALL CAUSES OF ACTION

### I. Jurisdiction and Parties

    1.    This Court has subject matter jurisdiction pursuant to federal common law pursuant to 28 U.S.C. section 1331; the Carmack Amendment codified at 49 U.S.C. section 14706; and/or diversity of citizenship under 28 U.S.C. 1332, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

    2.    At all times material hereto, NipponKoa Insurance Company, Ltd. (hereinafter "NipponKoa" or "Plaintiff"), was and is a corporation organized and existing under and by virtue of the laws of Japan with its principal place of business in Japan. NipponKoa is the insurer of

1

the Shipment which is the subject matter of this action.

3. At all times material hereto Toshiba American Information Systems, Inc. (not a party to the action) (hereafter "TAIS") was the owner of the Shipment which is the subject of this action.

4. Defendant Met International, Inc. (hereinafter "Met") is a corporation organized and existing under the laws of Illinois with its principal place of business in Illinois, and was and is at relevant times engaged in business as, *inter alia*, a carrier of goods for hire and/or a warehouseman.

5. Defendant KLS Trucking Services Inc., ("KLS") is a corporation organized and existing under the laws of the State of New York with its principal place of business in New York, and was and is at all relevant times engaged in the business as, *inter alia*, a carrier of goods by road for hire and/or a warehouseman.

6. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

7. Defendants organize and/or run routes through and thus can be found in and reside in this District within the meaning of 28 U.S.C. § 1391 (b)(1) and (c). Defendant Met is registered to do business in the State of New York. Defendants thus do business in and thus reside in the same state within the meaning of said statute. In addition, within the meaning of the Carmack Amendment, 49 U.S.C. § 14706(d), venue is also proper in this District because one or more of the Defendants are the delivering carriers and do business and operate trucks and routes in the State of New York and the area comprising the Southern District of New York.

### CONTRACT

8. In and about 2006, TAIS and Met entered into a Transportation Agreement for the door-to-door carriage of TAIS products.

2

9.  The Transportation Agreement provided, *inter alia*,

    a.  that a material obligation of Met was to implement, comply with, and not deviate from minimum security guidelines.

    b.  that any failure by Met to deliver cargo was a service failure and breach.

    c.  that Watkins' was to procure cargo insurance payable directly to TAIS and its underwriter without regard to any limitation of liability.

10.  Such security guidelines referred to above required, *inter alia*, that TAIS' goods had to be stored in a restricted and secure area with limited access and an intrusion detection system, with proper access control mechanisms, and constant CCTV coverage, and that TAIS' goods were never to be stored in an unmanned yard.

**THE SHIPMENT**

11.  On or about February 15, 2007, there was shipped and delivered to Met in Shanghai a consignment of laptop computers, then being in good order and condition (the "Shipment"). In consideration of certain agreed freight charges thereafter paid or agreed to be paid, Met agreed to transport and carry the Shipment to TAIS' customer Office Depot in Mountain Top, PA and deliver in the same good order and condition as when received. The Shipment is more fully described in the bills of lading 774-01646341, 8881002234/88810002246, METSHA000013352, 53, 54, 57 and 00013426.

12.  The Shipment arrived at Kennedy Airport, and was delivered to the care and custody of KLS in good order and condition at its facility in Queens, New York. In consideration of certain charges, KLS agreed to receive, load, and carry and deliver the Shipment

3

to TAIS customer in Mountain Top, PA, in the same good order and condition as when received.

13. The Shipment was never delivered to TAIS' customer, all in violation of Met's obligations as a carrier, and under its Transportation Agreement with TAIS.

14. Defendants Met and KLS breached their contractual and other legal obligations owed to TAIS, and such breach was the direct and proximate cause of the theft and total loss of said Shipment.

15. Defendants' breaches include, without limitation,

  a. failure to store the high value goods in a secure area at KLS

  b. permitting the removal of the goods from KLS

  c. permitting access to the goods, and/or access to information concerning the goods, to unauthorized personnel.

  d. failure to properly vet and train its employees (including temporary and contract employees).

  e. failure to require proper access control measures into and out of the facility.

  g. failure to have a motion detector system in place goods were stored.

  h. leaving the high value goods outside the KLS facility overnight in an unmanned yard in a vehicle and with the keys in the truck.

16. Met further breached its contractual obligation by, *inter alia*, failing to obtain cargo insurance payable directly to TAIS and its underwriter, without regard to limitation of liability.

17. Defendants Met and KLS at all material times knew and/or had reason to know,

4

without limitation, the following facts:

    a. That TAIS's laptop computers are small, highly portable articles, which are individually of high value;

    b. That such laptop computers made by TAIS and others are a favorite target of thieves;

    c. That shipments of TAIS's laptop computers warrant or require extra-ordinary security measures to avoid of prevent loss by theft; and

    d. That TAIS's said Shipment of laptop computers was an especially likely target, ad was especially susceptible to theft.

18. Defendants also knew and/or had reason to know that TAIS could not provide any security services against loss of such shipments by theft once TAIS had entrusted a shipment to them. Defendants knew and/or had reasons to know that Plaintiff's assured would and did rely and depend entirely on them to provide security services to protect such goods and prevent or protect against theft

19. Despite defendants' knowledge set forth above, defendants failed to exercise due care in rendering services to TAIS including security services, and acted negligently, grossly negligent, willfully, wantonly and/or recklessly in rendering services, including, without limitation, as hereinabove alleged, and such conduct proximately caused the loss of TAIS's entire said Shipment by theft.

20. Defendants' conduct constituted an utter indifference or conscious disregard of the safety of the goods, including the Shipment.

21. Plaintiff NipponKoa had issued its insurance policy to TAIS which insured

5

TAIS's said Shipment against loss/damage. By reason of the loss described above, NipponKoa was obliged to pay and actually paid substantial sums to TAIS, and incurred substantial additional other expenses, for which Defendants are legally liable.

22. Plaintiff NipponKoa and its assured, TAIS, have performed all conditions on their parts to be performed.

23. By reason of the foregoing, Plaintiff has sustained damages, as nearly as can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be up to or exceeding U.S. $340,000.

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACT/BREACH OF DUTIES UNDER CARMACK AMENDMENT

24. Plaintiff incorporates herein by reference all allegations of paragraphs 1 through 23 above.

25. Defendant by its agreements contracted to act as a carrier and is liable to Plaintiff for breach of those contracts and/or its legal duties under the Carmack Amerndment.

26. Defendants' have thereby caused damage to Plaintiff in an amount estimated to be up to or exceeding U.S. $340,000.

## SECOND CAUSE OF ACTION

### BREACH OF CONTRACT

27. Plaintiff incorporates here by reference the allegations of paragraphs 1 to 26 above.

28. Defendants have breached their obligations and duties under its contract with respect to the Shipment.

29.   By reason of the foregoing, Defendants have caused damage to Plaintiff in an amount, as nearly as can now be estimated, up to or exceeding U.S. $340,000.

### THIRD CAUSE OF ACTION

### BREACH OF BAILMENT OBLIGATIONS

30.   Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 29 above.

31.   The Defendants were acting as bailee of Shipment at the time of the loss. The Defendants were thereby, or through its contractors, agents, servants or sub-bailees, a bailee who warranted and had a legal duty to safely keep, care for and deliver the said Shipment in the same condition as when entrusted to them and to perform their services as a bailee or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner. Defendants breached those bailment obligations and negligently failed to deliver to Plaintiff's assured, or its designee, the Shipment in as good condition as when entrusted to it.

32.   By reason of the foregoing, the Defendant Watkins has caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $340,000.

### FOURTH CAUSE OF ACTION

### NEGLIGENCE/GROSS NEGLIGENCE/RECKLESSNESS/ WILLFUL AND WANTON CONDUCT

33.   Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 32 above.

34.   The Defendants, by their negligence, gross negligence, recklessness, and/or willful and wanton conduct caused the loss to the Shipment. Defendants therefore improperly

failed to deliver the Shipments to the consignee, or its designee, in as good condition as when entrusted to it.

35. By reason of the foregoing, the Defendants have caused damage to Plaintiff, sue, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $340,000.

### FIFTH CAUSE OF ACTION

#### BREACH OF CONTRACT
(as agreement defendant Met)

36. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 35 above.

37. Met, despite contractual obligation, failed to take procure cargo insurance payable to TAIS and its underwriter, without regard of limitation of liability.

38. By reason of the foregoing, the Defendants have caused damage to Plaintiff, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $340,000.

WHEREOF, Plaintiff prays:

1. That process in due form of law may issue against the Defendants citing them to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendants on each of the Causes of Action for the amount of Plaintiff's damages, together with interest, attorneys' fees and costs and the disbursements of this action;

3. That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated: Rye, New York
       October 24, 2007

                                       MALOOF BROWNE & EAGAN LLC

                                       By: _____
                                          David T. Maloof (DM 3350)
                                          Thomas M. Eagan (TE 1713)
                                          411 Theodore Fremd Avenue - Suite 190
                                          Rye, New York 10580
                                          (914) 921-1200
                                          *Attorneys for Plaintiff*

F:\WP-DOCS\1415.18\102407 Complaint.doc